TOWN OF EASTCHESTER, Appellant, v. JEROME A. KOCH, Respondent.— Action by a municipality for a judgment declaring its right to establish a parking space on land which it owns, contiguous to land owned by respondent, and for other relief. Both parcels are part of one subdivision, two thirds of which, including the parcels involved in this action, is burdened by a restrictive covenant against business uses. In this action, respondent pleaded *res judicata* because

of a prior judgment in his favor in an action brought by appellant under article 15 of the Real Property Law to bar respondent from claiming an interest in the property, on the ground that the neighborhood had so changed as to no longer require enforcement of the covenant. In that action, it was disclosed that all owners of property affected by the covenant, except respondent, had waived their rights under the covenant. Special Term held that the operation of a municipal parking place is a business enterprise and is the performance of a corporate rather than a governmental function, and that a municipality operating such a parking place does so subject to the same restrictions as anybody else, overruled the plea of *res judicata,* and dismissed the complaint. The town appeals from the judgment entered thereon. Judgment reversed on the law and the facts, without costs, and judgment directed for appellant declaring its right to establish a free parking space for the use of the general public. Findings of fact inconsistent herewith are reversed and new findings will be made as indicated herein. By the establishment of a free parking space for the use of the general public, the town is not engaging in business, and hence is not violating the restrictive covenant. "Restrictive covenants must always be construed strictly against those seeking to enforce them", and "they must be construed as they read and not be given a construction beyond the literal meaning of their terms." (*Buffalo Academy of Sacred Heart* v. *Boehm Bros.,* 267 N. Y. 242, 249.) Nolan, P. J., Adel, Wenzel, Schmidt and Beldock, JJ., concur. Settle order on notice. [203 Misc. 328.]